```
1  McGREGOR W. SCOTT
   United States Attorney
2  MARY L. GRAD
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2763
```



**FILED**

MAY - 4 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

IN RE: APPLICATION FOR          )   SW- 2:05-SW-0108  GGH
PEN REGISTER, TRAP AND          )
TRACE DEVICE, CALLER            )
IDENTIFICATION SERVICE,         )   **O R D E R**
AND CELL SITE, BILLING,         )
AIR TIME, AND SUBSCRIBER        )
INFORMATION                     )   **UNDER SEAL**
                                )
_____)

This matter has come before the Court pursuant to an Application under Title 18, United States Code, Sections 3122 and 2703 by Mary L. Grad, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device(s), trap and trace device(s), dialed number interceptor(s), number search device(s), and caller identification feature, and cell site, billing and subscriber information corresponding to the cellular telephone(s) currently identified by telephone number **(209)423-6911; ESN: 4D460696;** or to any cellular telephone subsequently assigned to an instrument bearing the same ESN as the subject telephone number(s), or any changed ESN subsequently assigned to the same telephone number as the subject telephone number(s), and directing Sprint Spectrum , AT&T Wireless,

1  Cingular Wireless, Metro PCS, Verizon Wireless services, GTE
2  Wireless Inc., VIA Wireless Services, Nextel Communications,
3  Pacific Bell Telephone Company, SBC Communication, AT&T, GTE,
4  U.S. Sprint, MCI, Citizens Utilities, and any other involved
5  telephone company, to disclose certain related subscriber,
6  billing, cell site, and toll call information.
7      The Court finds that the applicant has certified and
8  provided specific and articulable facts showing that there are
9  reasonable grounds to believe that the cell site and other
10 information sought is relevant and material to an ongoing
11 criminal investigation. to wit, that: the DEA and other federal,
12 state and local law enforcement agencies are conducting a
13 criminal investigation of Abraham MUNGUIA and Gilberto BELTRAN
14 and others in connection with possible violations of Title 21,
15 United States Code, Sections 841(a)(1) and 846, Conspiracy to
16 Distribute Methamphetamine; that agents believe that cellular
17 telephone number **(209)423-6911; ESN: 4D460696,** is being used by
18 Gilberto BELTRAN in furtherance of the subject offense; and that
19 the information likely to be obtained from the pen register and
20 trap and number search device is relevant to the ongoing criminal
21 investigation.
22     The Court further finds that the government has made a
23 showing that there is reason to believe that notification or
24 disclosure by Sprint Spectrum , AT&T Wireless, Cingular Wireless,
25 Metro PCS, Verizon Wireless services, GTE Wireless Inc., VIA
26 Wireless Services, Nextel Communication, Pacific Bell Telephone
27 Company, SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens
28 Utilities, and any other involved telephone company, of the

existence of the investigation, the existence of the pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature, or the request for, cell site, subscriber, billing, and other relevant information will (1) endanger the life or safety of government agents or confidential sources; (2) cause the subjects to flee to avoid prosecution; or (3) seriously jeopardize the investigation in that the suspects will stop using their telephones, begin using pay telephones, or move their illegal operations elsewhere.

In addition, the Court finds that the DEA do not currently possess or have reasonably available to them the technology to prevent the recording of numbers dialed as numerical codes or messages by the pen register.

The Court also finds that good cause exists for permitting the DEA to obtain information from the trap and trace device, dialed number interceptor, number search device, and caller identification feature, and cell site information, whether the calls originate in the United States or a foreign nation.

IT APPEARING that the numbers dialed or pulsed to or from telephone number  **(209)423-6911; ESN: 4D460696,** and any other cellular telephone numbers subsequently assigned to an instrument bearing the same ESN as the subject telephone number, or any changed ESN  subsequently assigned to the same telephone number as the subject telephone number, are relevant to an ongoing criminal investigation of the specified offenses, THE FOLLOWING IS HEREBY ORDERED:

1.   Pursuant to Title 18, United States Code, Section 3123, agents of the DEA may install and use a pen register to register

1  numbers dialed or pulsed to or from telephone number **(209)423-**
2  **6911; ESN: 4D460696,** currently used by Gilberto BELTRAN, to
3  record the date and time of such dialings or pulsings, and to
4  record the length of time of such dialings or pulsings, and to
5  record the length of time the telephone receiver in question is
6  off the hook for incoming or outgoing calls for a period of sixty
7  (60) days from the date of this Court's order, and that this
8  authorization applies not only to the target telephone number(s)
9  listed above, but to any changed cellular telephone numbers
10 subsequently assigned to the same ESN utilized by the target
11 telephone within the sixty (60) day period.
12      2.   Pursuant to Title 18, United States Code, Sections 3123
13 and 2703(d), Sprint Spectrum shall install, program, and/or use
14 equipment in order to trap, trace, and identify the telephone
15 numbers of the incoming calls to telephone number **(209)423-6911;**
16 **ESN: 4D460696,** used by Gilberto BELTRAN or any other cellular
17 telephone numbers subsequently assigned to an instrument bearing
18 the same ESN as the subject telephone number(s), or any changed
19 ESN subsequently assigned to the same telephone number as the
20 subject telephone number(s), and provide the name and address and
21 subscriber of record, whether published or unpublished, of each
22 identified incoming call and where possible, provide the time and
23 duration of each call, and continue the operation of such trap
24 and number search activity for a period not to exceed sixty (60)
25 days from the date of this Court's Order.  Sprint Spectrum will
26 satisfy the requirements of this portion of the Order by
27 providing said subscriber information (credit information,
28 billing information, long distance carrier, and any other

-4-

1  telephone number subscribed to by the same subscriber for each
2  numerically different telephone number called to or called from)
3  only once for each number and is not required to produce
4  subscriber information on each telephone call.  The use of the
5  trap(s) and number search device(s) shall not be limited to calls
6  originating in California, but only to the extent that such
7  request does not impose additional burdens on Sprint Spectrum; if
8  such geographic limitations is unduly burdensome, the use of the
9  trap and number search device(s) may be international in scope.
10      3.  Pursuant to Title 18, United States Code, Sections 3123
11 and 2703(d), that Sprint Spectrum shall examine cellular
12 telephone number **(209)423-6911; ESN: 4D460696,** and determine if
13 it is equipped with the Caller Identification feature as is
14 supplied to some retail customers.  If said telephone line is not
15 equipped with the Caller Identification feature but the equipment
16 for said feature is available, Sprint Spectrum is directed to add
17 to the existing service the Caller Identification feature with no
18 record of said feature going to the subscriber(s).  Sprint
19 Spectrum shall be compensated by the government for any
20 additional expenses for installing the Caller Identification
21 feature, and Sprint Spectrum use of the Caller Identification
22 feature will serve as a substitute for the use of a trap and
23 number search device.  Sprint Spectrum shall take all necessary
24 precautions to ensure that the addition of said feature, or any
25 activity relating to said feature, shall not be reflected on the
26 customer's bill or in any other way be disclosed.
27      4.  Pursuant to Title 18, United States Code, Section
28 3123(b)(2), Sprint Spectrum shall furnish agents of the DEA

1  forthwith all information, facilities, and technical assistance
2  necessary to accomplish the installation and use of the pen
3  register device(s), trap and trace device(s), dialed number
4  interceptor(s), number search device(s), and caller
5  identification feature unobtrusively and with minimum
6  interference with the services that are accorded persons with
7  respect to whom the installation and use is to take place.

8      5.   Sprint Spectrum shall furnish the investigating agents
9  the telephone numbers associated with any speed dialing codes
10 dialed or pulsed from cellular telephone number **(209)423-6911;**
11 **ESN: 4D460696** or any other cellular telephone numbers
12 subsequently assigned to an instrument bearing the same ESN as
13 the subject telephone number(s), or any changed ESN subsequently
14 assigned to the same telephone number as the subject telephone
15 number(s).

16     6.   Sprint Spectrum shall provide agents of the DEA with
17 cell site information for cellular telephone number **(209)423-**
18 **6911; ESN: 4D460696,** or any other telephone numbers subsequently
19 assigned to an instrument bearing the same ESN as the subject
20 telephone number(s), or any changed ESN subsequently assigned to
21 the same telephone number as the subject telephone number(s), on
22 a continuing basis for sixty (60) days from the date of this
23 Court's order.

24     7.   Pursuant to Title 18, United States Code 2703 (d),
25 Sprint Spectrum shall furnish Special Agent Gary Cummings or any
26 agent of the DEA with notice of any change in service involving
27 telephone number **(209)423-6911; ESN: 4D460696;** all billing
28 records, toll records, credit cards bills, and call forwarding

-6-

1  information for telephone number **(209)423-6911; ESN: 4D460696,** on
2  a continuing basis for a period of sixty (60) days from the date
3  of this Court's Order.

4      8.  Pursuant to Title 18, United States Code, Section 2703
5  (d), Sprint Spectrum, AT&T Wireless, Cingular Wireless, Metro
6  PCS, Verizon Wireless Services, GTE Wireless Inc., VIA Wireless
7  Services, Nextel Communication, Pacific Bell Telephone Company,
8  SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens
9  Utilities, and any other involved telephone companies shall
10 furnish agents of the DEA with subscriber information for all
11 telephone numbers dialed or pulsed to or from telephone number
12 **(209)423-6911; ESN: 4D460696,** as recorded by the pen register
13 device, and for all telephone numbers placing calls to telephone
14 number **(209)423-6911; ESN: 4D460696,** as recorded by the trap and
15 number search devices or the Caller Identification feature for a
16 period of sixty (60) days from the date of this Court's Order.

17     9.  Authorizing Sprint Spectrum to provide facilities on its
18 network that will allow interception of this subject across local
19 access and transport areas, i.e. "L.A.T.A." boundaries;

20     10. Sprint Spectrum shall be compensated by the government
21 for reasonable expenses incurred in providing facilities and
22 technical assistance in connection with the pen register device,
23 trap and trace device, dialed number interceptor, number search
24 device, and caller identification feature.

25     11. Pursuant to Title 18, United States Code, Sections 3123
26 (d) and 2705 (b), this Order and the Application shall be sealed
27 until otherwise ordered by the Court, and Sprint Spectrum, AT&T
28 Wireless, Cingular Wireless, Metro PCS, Verizon Wireless

1  services, GTE Wireless Inc., VIA Wireless Services, Nextel
2  Communication, Pacific Bell Telephone Company, SBC Communication,
3  AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other
4  involved telephone company, shall not disclose the existence of
5  the investigation, the existence of the pen register device(s),
6  trap and trace device(s), dialed number interceptor(s), number
7  search device(s), and caller identification feature, or the
8  request for subscriber, billing, and other relevant information
9  to the listed subscribers, or to any other person, unless or
10 until otherwise ordered by the Court.
11    **SO ORDERED.**
12
13 DATED: May 4, 2005

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

-8-